UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-529(DSD/DTS)

Cynthia Collins,

       Plaintiff,

v.                                                          **ORDER**

3M Company, fka Minnesota Mining &
Manufacturing Company,
3M Disability Programs,
3M Disability and Leave Center, and
Sedgwick Claims Management
Services, Inc.,

       Defendants.

     Megan A. Spriggs, Esq. and R.A. Williams Law Firm, 2400 County
     Road D West, Suite 110, St. Paul, MN 55112, counsel for
     plaintiff.

     Christopher M. Busey, Esq., Erin K. Fogarty Lisle, Esq. and
     Berens & Miller, P.A., 80 South 8th Street, Suite 3720,
     Minneapolis, MN 55402, counsel for defendants.


     This matter is before the court upon the partial motion to
dismiss by defendants 3M Company, 3M Disability Programs, 3M
Disability and Leave Center, and Sedgwick Claims Management
Services, Inc.[1]  Based on a review of the file, record, and
proceedings herein, and for the following reasons, the court grants
the motion.

---

    [1]  Unless otherwise noted, the court will refer to defendants
collectively as "3M."

## BACKGROUND

This insurance benefit dispute arises out of 3M's denial of short-term disability benefits to plaintiff Cynthia Collins. Collins is an employee of 3M through which she obtained short- and long-term disability benefits. Am. Compl. ¶¶ 9-10. On June 16, 2016, Collins applied for short-term disability benefits for her absence beginning June 15. Id. ¶¶ 10-13. On July 1, 3M denied Collins's claim because it had not received the required attending physician statement from her medical provider. Id. ¶ 19. On July 6, 3M received the attending physician statement, but did not alter its previous denial. See id. ¶¶ 22-23. On July 7, Collins appealed 3M's decision. Id. ¶ 24. During the appeals process, 3M sought a review of Collins's claim by an independent physician advisor (IPA) and informed Collins that the IPA would contact her physician and therapist, or, alternatively, her physician and therapist could call the IPA to schedule a phone conference. Id. ¶¶ 26-27. Collins claims that her physician contacted the IPA on July 19 but that the IPA never returned his calls or spoke with her physician or therapist. Id. ¶¶ 28-30. On August 16, 3M denied Collins's appeal.

On February 2, 2017, Collins filed an amended complaint in state court alleging that (1) 3M wrongfully refused to pay her short-term disability benefits and (2) 3M breached its fiduciary duties. 3M timely removed and now moves to dismiss the breach of

2

fiduciary duty claim.

**DISCUSSION**

## I.   Standard of Review

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right of relief above the speculative level. See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

## II.  Duplicate Claims

3M argues that Collins's breach of fiduciary claim should be dismissed because it is duplicative of her claim for benefits brought under 29 U.S.C. § 1132(a)(1)(B).  Collins brings her breach of fiduciary claim under 29 U.S.C. § 1132(a)(3), which provides that a plan participant may bring an action to enjoin a violation

of ERISA or "obtain other appropriate equitable relief."  See id.
A plaintiff may only bring a claim under this section, however, if
she is not "provided adequate relief by the right to bring a claim
for benefits under § 1132(a)(1)(B)."  Pilger v. Sweeny, 725 F.3d
922, 927 (8th Cir. 2013) (internal quotation marks omitted) (citing
Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006)).

In both counts one and two of her complaint, Collins seeks
payment of her short-term disability benefits in addition to
interest, costs, and attorney's fees.  See Am. Compl. ¶¶ 48, 52.
Collins attempts to distinguish the breach of fiduciary duty claim
by arguing that she seeks separate equitable relief in the form of
a remand to 3M so that it can reconsider her appeal with the input
of her physician and therapist.  But this relief is available under
§ 1132(a)(1)(B).  See, e.g., King v. Hartford Life & Accident Ins.
Co., 414 F.3d 994, 1005-06 (8th Cir. 2005) (remanding case to
claims administrator under § 1132(a) as the proper remedy for an
improper denial of benefits). Collins also argues that she is
entitled to equitable relief under § 1132(a)(3), such as surcharge
or additional monetary penalties.  But she does not ask for this
relief in her complaint nor does she explain how those remedies
would be appropriate in this case.  Because Collins seeks the same
relief under both claims, § 1132(a)(1)(B) provides adequate relief.
Under these circumstances, Collins cannot simultaneously bring a

claim for relief under § 1132(a)(3).[2]

Relying on <u>Silva v. Metro. Life Ins. Co.</u>, 762 F.3d 711 (8th Cir. 2014), Collins also argues that her fiduciary duty claim should not be dismissed at the pleading stage because "it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief." <u>Id.</u> at 727. But <u>Silva</u> is distinguishable. In that case, the plaintiff claimed that he was due payment under a valid insurance policy and an alternative claim that, even if the insurance policy was invalid, the defendant was liable to him for a breach of fiduciary duty. The court determined that discovery was necessary to determine the validity of the insurance policy before it could decide which of the alternate claims applied in the case. <u>See</u> <u>id.</u> at 727-28; <u>see also</u> <u>Spizman v. BCBSM, Inc.</u>, No. 14-3568, 2015 WL 4569249, at *9 (D. Minn. July 27, 2015) (denying motion to dismiss where one claim "address[ed] conduct distinguishable" from another claim and sought equitable remedies outside the scope of a claim for benefits); <u>Black v. Long Term Disability Ins.</u>, 373 F. Supp. 2d 897, 902 (E.D. Wis. 2005) (denying

---

[2] Collins also insists that because the complaint asks "for such other and further relief as the Court deems just and equitable," she seeks relief that cannot be awarded in her claim for benefits. But a prayer for equitable relief that is included as a matter of form in nearly all complaints is insufficient to warrant a different result.

motion to dismiss where plaintiff asserted a claim for benefits in addition to a distinct claim for injunctive relief based upon defendant's alleged improper practices).

Collins's complaint does not contain such factual "intricacies" or distinctions. She has pleaded indistinguishable - not alternative - claims based on the same facts and seeking the same relief.[3]  Indeed, Collins concedes as much by arguing that "the abuse of discretion resulted in the breach of fiduciary duty."[4]  Pl's Opp'n Mem. at 6.  Accordingly, count two of the complaint is duplicative and must be dismissed.[5]

---

[3]  Collins argues that her breach of fiduciary duty claim should not be dismissed because, if proved, the court would apply a less deferential standard of review to 3M's denial of benefits. The court disagrees.  Collins is free to seek evidence establishing a conflict of interest or procedural irregularity regardless of whether her breach of fiduciary claim survives.  Further, a conflict of interest does not lower the standard of review. See Hackett v. Standard Ins. Co., 559 F.3d 825, 830 (8th Cir 2009) (internal quotations marks omitted) (quoting Metro Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008)) ("[A] conflict does not change the standard of review applied by the district court.  Rather, a conflict should be weighed as a factor in determining whether there is an abuse of discretion.").

[4]  Collins argues that discovery is required to determine whether 3M systemically breached their fiduciary duties to all plan participants, which would establish a plausible claim for equitable relief not otherwise available.  But Collins does not plead facts that would make such allegations plausible, nor does she purport to bring claims on behalf of a class.

[5]  Because the court finds that Collins's breach of fiduciary duty claim is duplicative, it need not address 3M's argument that she has failed to plead facts giving rise to such a claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' partial motion to dismiss [ECF No. 14] is granted; and

2. Count two of the complaint is dismissed with prejudice.


Dated: May 4, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
