```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Civil No. 17-529(DSD/DTS)
```

Cynthia Collins,

       Plaintiff,

v.                                                       **ORDER**

3M Company, fka Minnesota Mining &
Manufacturing Company,
3M Disability Programs,
3M Disability and Leave Center, and
Sedgwick Claims Management
Services, Inc.,

       Defendants.

    Megan A. Spriggs, Esq. and R.A. Williams Law Firm, 2400 County Road D West, Suite 110, St. Paul, MN 55112, counsel for plaintiff.

    Christopher M. Busey, Esq., Erin K. Fogarty Lisle, Esq. and Berens & Miller, P.A., 80 South 8th Street, Suite 3720, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon plaintiff's appeal of the September 1, 2017, order of Magistrate Judge David T. Shultz. In the order, the magistrate judge denied plaintiff's request to allow fact and expert discovery.

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." <u>Reko v. Creative Promotions, Inc.</u>, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). After a thorough review of the file and

record, the court finds that the order is neither clearly erroneous nor contrary to law.

## BACKGROUND

This insurance benefit dispute arises out of defendants' denial of short-term disability benefits to plaintiff Cynthia Collins, a 3M employee.[1] On June 16, 2016, Collins applied for short-term disability benefits for her absence beginning June 15. Am. Compl. ¶¶ 10-13. On July 1, defendant Sedgwick Claims Management Services, Inc., the claims administrator for 3M's disability plan, denied Collins's claim because she had not submitted the required attending physician statement from her medical provider. Id. ¶ 19. On July 6, 3M received the attending physician statement, but maintained its denial of her claim. See id. ¶¶ 22-23. On July 7, Collins appealed 3M's decision. Id. ¶ 24. During the appeals process, 3M sought a review of Collins's claim by an independent physician advisor, Dr. Daniel Harrop, and informed Collins that he would contact her physician and therapist, or, alternatively, her physician and therapist could call him to schedule a phone conference. Id. ¶¶ 26-27; Spriggs Aff. Ex. C at 17. Collins alleges that although her physician contacted Dr. Harrop on July 19, he never returned the calls or spoke with her

---

[1] The court will refer to defendants 3M Company, 3M Disability Programs, and 3M Disability and Leave Center collectively as 3M.

2

physician or therapist.  Id. ¶¶ 28-30.  On August 16, 3M denied Collins's appeal.  Collins brought this suit in state court alleging that 3M wrongfully refused to pay her short-term disability benefits and breached its fiduciary duties.  Defendants timely removed the action to this court.

On July 14, 2017, Collins requested that the magistrate judge grant expert and fact discovery concerning whether a conflict of interest or a serious procedural irregularity existed that affected the administrator's decision.  On September 15, the magistrate judge denied the request.  Collins now appeals.

**DISCUSSION**

**I. Standard for Discovery**

Generally, under ERISA, review of the administrator's decision is "limited to evidence that was before the administrator."  Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 945 (8th Cir. 2010). "[A]dditional evidence gathering is ruled out on deferential review, and discouraged on de novo review."  Brown v. Seitz Foods, Inc. Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998). But a court may allow additional discovery if the plaintiff shows good cause.  Id.  A plaintiff can show good cause by establishing that the administrative record is insufficient to establish a "palpable conflict of interest" or a "serious procedural irregularity."  See Farley v. Ark. Blue Cross and Blue Shield, 147

F.3d 774, 776 n.4 (8th Cir. 1998) ("A palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts."). However, even if a plaintiff can show a conflict of interest or serious procedural irregularity, it does not necessarily entitle a plaintiff to discovery. See Jones, 615 F.3d at 945 (upholding district court's denial of discovery where plan administrator admitted there was a conflict of interest).

**II. Conflict of Interest**

Collins argues that discovery is necessary to determine whether 3M's relationship with Sedgwick constitutes a conflict of interest. Collins relies on two voicemail messages left to Sedgwick by her supervisors inquiring as to the status of her leave and requesting guidance as to how to fill her position. See Spriggs Aff. Ex. C at 9. But there is no evidence that the supervisors attempted to influence Sedgwick to deny Collins's claim. Therefore, her argument rests on mere speculation and fails to show good cause. See Westbrook v. Georgia-Pac. Corp., No. 4:05-CV-01331, 2006 WL 2772822, at *4 (E.D. Ark. Sept. 26, 2006) (internal quotation marks omitted) ("It is not enough to allege generally that a conflict of interest may exist or that the case may have procedural irregularities."). Even if one could infer a

4

possible conflict of interest from the administrative record, Collins has failed to argue why the record, as currently developed, precludes her from properly pursuing her claim. As already stated, the existence of a possible or actual conflict of interest does not automatically justify additional discovery. See Jones, 615 F.3d at 945 (noting that additional discovery is discouraged even where the court reviews an administrator's decision de novo). Accordingly, the magistrate judge's conclusion that an alleged conflict of interest did not justify discovery was not clearly erroneous or contrary to law.

**III. Procedural Irregularities**

    **A.   Initial Claim Denial**

Collins argues that Sedgewick's initial denial of her benefits claim was a serious procedural irregularity because it was not based on her medical condition, but rather on her physician's failure to submit documentation in support of her claims. Collins argues that Sedgwick should have done more to obtain the required documentation, but it was not obligated to do so. Indeed, Collins alone was responsible for timely submitting documents to Sedgwick. See ECF No. 37, Ex B at 8.[2] As a result, the initial denial of her claim was proper under the plan and did not constitute a serious

---

[2] Because defendants did not attach their exhibits to an affidavit, the court will refer to the exhibit by its electronic filing document number.

5

procedural irregularity.[3]

**B. Bias**

Collins next contends that Dr. Harrop was biased because he provided no support for his conclusion that neither Collins's condition nor medication impacted her ability to work. Collins argues that discovery is necessary in order to establish Dr. Harrop's motivation in reviewing her claim, but the court is not persuaded.

First, it is not true that Dr. Harrop provided no support for his conclusion. Dr. Harrop based his conclusion on observations, among others, that "self reported psychiatric complaints do not correlate with functional problems with the community," "the medication schedule documented does not interfere with cognition or other day-to-day functioning," and "there is no corroborative or clinical documentation detailing abnormalities in claimant's day-to-day routine due to her psychiatric symptoms." Spriggs Aff. Ex. C at 15. Second, even if Dr. Harrop erred in reviewing Collins's claim, it does not necessarily follow that he was influenced by an improper motive or that there was a serious procedural irregularity. Collins's suggestion that Dr. Harrop was biased amounts to a mere allegation, which does not justify additional

---

[3] Even if the initial denial was somehow improper, it was not a serious procedural error because Sedgwick ultimately considered the medical documentation submitted by Collins's treating physician.

discovery.  Indeed, if a plaintiff's disagreement with an independent review were sufficient to permit discovery, additional discovery would be allowed in virtually all ERISA cases.

**C.   Factual Inconsistency**

Finally, Collins argues that there is a factual inconsistency that shows a serious procedural error.  Specifically, Collins points out that her physician never received voicemail messages from Dr. Harrop despite Dr. Harrop's notes to the contrary.  See Spriggs Aff. Ex. C at 1; id. Ex. G.  The court cannot reconcile the record in this regard, but it is not necessary to do so.  Even if Dr. Harrop never contacted Collins's physician, Collins cites no authority establishing that it was a breach of fiduciary duty, much less one that "give[s] rise to serious doubts about whether the result reached was the product of an arbitrary decision." LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan, 498 F.3d 805, 809 (8th Cir. 2007) (citation and internal quotation marks omitted).  Indeed, ERISA does not require that "plan administrators ... accord special deference to the opinions of treating physicians" or "impose a heightened burden of explanation on administrators when they reject a treating physician's opinion." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 830-31 (2003).  Because there is no evidence suggesting a serious procedural irregularity exists, additional discovery is inappropriate.  As a result, the magistrate judge's decision to

deny discovery was not clearly erroneous or contrary to law.[4]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's appeal [ECF No. 35] is denied.

Dated: October 11, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[4] Collins also notes that defendants indicated that they were willing to produce certain documents subject to the court entering a protective order. This fact, however, is irrelevant to the court's analysis, and Collins does not provide any authority to the contrary. Furthermore, defendants have represented to the court that they are still willing to provide such documents "subject to the Court entering a mutually agreeable protective order and confidentiality agreement." Defs.' Resp. at 6 n.1. The court encourages the parties to continue to negotiate in good faith on this matter.